The opinion of the Court was delivered by
Cheves, J.
The debt subsisted at the time the defendant took the benefit of the insolvent debtor’s act, and therefore the case appears to come within the letter of the law; but it is obviously not within the intention of the legislature. The insolvent debtor’s act forbade all persons who were creditors at the time of the exhibition of the petition of the insolvent debtor, to sue the debtor in less than twelve months from the time of his discharge. The act, too, took from him all his estate for 1 4 Stat. 91, § 10. 2 1 Sp. 215; 2 Bail. 311; 1 McM. 202; 3 Rich. 287; 6 Rich. 28. *66 the benefit of the suing creditors, and such other creditors as should choose to take a dividend of his estate. By these two causes, the creditor was not only ^suspended in his power to sue, but the results of a suit, when this suspension should cease, were rendered hopeless. The act, therefore, dispensed with the necessity of a suit to perpetuate his claim. But the reason and object of the law do not apply to the case of the plaintiffs, who had forborne to sue until their claim was barred by the statute, before the defendant petitioned for the benefit of the act.
I am of opinion the plea was properly sustained, and therefore that the motion ought to be refused.
Colcocii, Gantt and Johnson, JJ., concurred.
See Dud. 244 ; 7 Rich. 44; 1 Sp. 244.